UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | |
| JOHN GRANDE | : | NO.: |
| | : | |
| v. | : | |
| | : | |
| HARTFORD BOARD OF EDUCATION, | : | |
| JAYMIHALKO, AND CITY OF | : | |
| HARTFORD | : | FEBRUARY 6, 2019 |

## <u>NOTICE OF REMOVAL</u>

To the United States District Court for the District of Connecticut:

Pursuant to 28 U.S.C. §§ 1441, 1443 and 1446, the defendants, Hartford Board of Education, Jay Mihalko, and City of Hartford, hereby give notice that they have removed this action from the Superior Court of Connecticut, Judicial District of Hartford for the following reasons:

1.      The plaintiff commenced the instant action against the undersigned defendants, Hartford Board of Education, Jay Mihalko, and City of Hartford, by service of a Summons and Complaint dated January 7, 2019.  The plaintiff served a copy of the Summons and Complaint upon the defendants, Hartford Board of Education and City of Hartford, on January 7, 2019 and served a copy of the Summons and Complaint upon the defendant, Jay Mihalko on January 8, 2019.

2.      The action is returnable in the Superior Court for the Judicial District of Hartford on January 29, 2019.

3.      The above-described action is a civil action and is one which may be removed to the Court by the defendant pursuant to the provisions of Title 28, United States Code §§1441, 1331 and 1343(3).  The Complaint asserts a substantial federal question for deprivation of rights in alleged violation of 42 U.S.C. § 1983.  Additionally, the Complaint asserts federal questions for alleged discrimination, failure to accommodate, hostile work environment, and retaliation, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

4.      Attached hereto, in compliance with 28 U.S.C. §1446(a), are complete and accurate copies of the process and pleadings received by the defendants, Hartford Board of Education, Jay Mihalko, and City of Hartford.

5.      The defendants, Hartford Board of Education, Jay Mihalko and City of Hartford, deny the plaintiff's material allegations.

6.      Accordingly, this Court has original jurisdiction of this action under 28 U.S.C. §§1331, 1343(3) and supplemental jurisdiction pursuant to 28 U.S.C. §1367. The action may be removed to this Court pursuant to 28 U.S.C. §§1441, 1443 and 1446.

WHEREFORE, the petitioners pray that the above action now pending in the Superior Court of Hartford be removed therefrom to this Court.

DEFENDANTS,
HARTFORD BOARD OF EDUCATION,
JAY MIHALKO, AND CITY OF
HARTFORD


By_____/s/ Channez M. Rogers_____
   David S. Monastersky
   ct13319
   Channez M. Rogers
   ct29753
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665 (Fax)
   E-Mail: dmonastersky@hl-law.com
   E-mail: crogers@hl-law.com


## CERTIFICATION

This is to certify that a copy of the foregoing Notice of Removal was or will immediately be mailed or delivered electronically or non-electronically on February 6, 2019, to all parties and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.


Paul Keily, Esq.
Keily Mira Law
968 Farmington Avenue, Ste. 208
West Hartford, CT 06107
paul@kmlegalct.com


    _____/s/ Channez M. Rogers_____
    Channez M. Rogers

**SUMMONS - CIVIL**
JD-CV-1  Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

- [ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- [x] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- [ ] "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street, Hartford, CT  06106 | ( 860 ) 548-2700 | January                29 , 2 019 |
| | | Month          Day      Year |

| [x] Judicial District   [ ] G.A. | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
|---|---|---|
| [ ] Housing Session      Number: | Hartford | Major: M      Minor: 90 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| KEILY MIRA LAW | 305950 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| ( 860 ) 251-9552 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | [x] Yes  [ ] No | Email address for delivery of papers under Section 10-13 (if agreed to) |
|---|---|---|
| | | paul@kmlegalct.com |

| Number of Plaintiffs: | Number of Defendants: | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name:  JOHN GRANDE  Address: 90 BURNHAM DRIVE, WEST HARTFORD, CT  06110 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name:  JAY MIHALKO  Address: 55 CANTERBURY ST., EAST HARTFORD, CT  06118 | D-01 |
| Additional Defendant | Name:  HARTFORD BOARD OF EDUCATION  Address: 960 MAIN STREET, HARTFORD, CT  06103 | D-02 |
| Additional Defendant | Name:  CITY OF HARTFORD  Address: 550 MAIN STREET, HARTFORD, CT  06103 | D-03 |
| Additional Defendant | Name:  Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | [x] Commissioner of the Superior Court [ ] Assistant Clerk | Name of Person Signing at Left  PAUL KEILY | Date signed  01/07/2019 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. | File Date | |
| b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. | | |
| c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. | | |
| d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | | A TRUE COPY ATTEST: |

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

RETURN DATE:   JANUARY 7, 2019      :      SUPERIOR COURT

JOHN GRANDE                      :      J.D. OF HARTFORD

V.                               :      AT HARTFORD

HARTFORD BOARD OF EDUCATION,   :      JANUARY 7, 2019
ET AL

## COMPLAINT

### COUNT ONE – HOSTILE WORK ENVIRONMENT – CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT ("CFEPA", C.G.S § 46a-60, et seq. AS TO DEFENDANT HARTFORD BOARD OF EDUCATION AND CITY OF HARTFORD

1.       The Plaintiff, John Grande, ("Plaintiff"), is a Connecticut resident and is, and was, for all pertinent times herein, employed by the Hartford Board of Education as a physical education teacher at Noah Webster MicroSociety Magnet School.

2.       The Defendant, Hartford Board of Education, ("Board") is an entity in Hartford, Connecticut with a principal address of 960 Main Street, Hartford, Connecticut.

3.       The Defendant, Jay Mihalko, ("Mihalko"), for all pertinent time herein, was Principal of the Noah Webster MicroSociety Magnet School, and was acting as an individual and as an agent of the Board.

4.       The Defendant, City of Hartford ("City"), is located at 550 Main Street Hartford, Connecticut and, for all pertinent times herein, employed the Plaintiff Defendant Mihlako.

5.       Plaintiff suffers from tinnitus to the extent that he needs to wear headphones (ear protection) at certain times due to excessive noise.

6.     The Board, the City and Mihalko are herein referred to collectively as the Defendants.

7.     On or about October 10, 2016, Plaintiff was on cafeteria duty and was wearing his headphones.

8.     Milhalko summoned Plaintiff to his office on said date and inquired if Plaintiff had a doctor's note, to which Plaintiff replied "no".

8.     Mihalko, upon being told Plaintiff had no doctor's note, became hostile towards Plaintiff and threatened Plaintiff with discipline for insubordination if Plaintiff continued wearing his headphones.

9.     Later that day, Plaintiff emailed Mihalko regarding meeting and stated that he considered Mihalko's statement and actions as harassment.

10.    On or about October 11, 2016, Vice Principal Richard Skowronski, ("Skowronski") acting pursuant to Mihalko's directive, told Plaintiff that he could not wear the headphones because it is a safety hazard.

11.    Skowronski told Plaintiff that he would follow up with an email, but never did, telling Plaintiff, the next day, that Mihalko instructed Skowronski not to write an email about this matter.

12.    On or about October 12, 2016, Skowronski again told Plaintiff not to wear the headphones and that the directive came from the administration.

13.    That day, Plaintiff emailed the VP that he considered the directive to be workplace harassment.

14.     On or about October 13, 2016, Plaintiff obtained a note from his doctor stating that it is medically necessary for Plaintiff to wear ear protection for loud noises.

15.     On or about October 20, 2016, Mihalko came to the gym where Plaintiff was working and told Plaintiff to turn down the music since it was bothersome to the kindergarten classes across the hallway.

16.     Later that day, Plaintiff and his teaching partner, Nicholas Popolizio asked the kindergarten staff members if the music was bothersome to their class.  Both kindergarten staff members denied even hearing the music.

17.     On or about October 26, 2016 Mihalko came to the gym again, where Plaintiff was having class, and turned down the music, although it was not loud.

18.     On or about November 4, 2016, Mihalko again turned down the music in the gym where Plaintiff was holding class even though the music was not loud.

19.     Mihalko was doing so to mock Plaintiff.

20.     On or about November 23, 2016, Plaintiff went to Mihalko's office, at Mihalko's request, where Mihalko asked Plaintiff if he had followed up with a doctor, to which Plaintiff replied, "I have a note".

21.     On or about December 14, 2016, Mihalko came to Plaintiff's class to conduct a 'review of practice' observation which was a part of Plaintiff's annual evaluation.

22.     In said 'review of practice', Mihalko rated only one category out of 12 with a rating of "needs improvement" and wrote several negative comments about Plaintiff.

3

23.     Up until the time of said review, Plaintiff had only received overall observation/evaluation scores that were rated "effective" to "highly effective".

24.     On or about December 31, 2016, subsequent to said observation/evaluation, Plaintiff sent an email to Mihalko in response to the "needs improvement" rating, then arranged to file a CHRO complaint.

25.     On or about February 2, 2017, Plaintiff officially filed a complaint with the CHRO.

26.     On or about February 16, 2017, Attorney Julia Wilde, counsel for the Hartford Board of Education, received the Plaintiff's CHRO complaint.

27.     On or about February 24, 2017, Plaintiff was called to Mihalko's office, at which time Plaintiff was told, by Mihalko, that one of two physical education positions was being eliminated at Noah Webster and that it was the Plaintiff's position that Mihalko was eliminating.

28.     When Plaintiff asked Mihalko for information about why it was his position being eliminated, Mihalko repeatedly said, "There are decisions that I have to make to move the school forward."

29.     When Plaintiff asked Mihalko to define what "moving the school forward" meant, Mihalko ended the meeting by saying, "I'm done."

30.     On or about February 26, 2017, Plaintiff emailed Mihalko regarding the meeting in which Mihalko eliminated Plaintiff's position at Noah Webster, and again stated that it was considered harassment.

31.     On or about February 27, 2017, Mihalko visited the gymnasium where Plaintiff was ending a class and told Plaintiff that two students were having some issues of which Plaintiff handled satisfactorily.

32.     Shortly after handling the issue with the students, Plaintiff was in his office meeting with VP Skowronski when Mihalko entered Plaintiff's office, by using his key and told Plaintiff that he did a good job with the two students and he was putting it down as a "review of practice."

33.     On or about March 3, 2017, Mihalko called Plaintiff to his office for a meeting with Mihalko and Skowronski and informed Plaintiff that the meeting may be disciplinary.

34.     At said meeting on March 3, 2017, Mihalko accused Plaintiff of threatening Mihalko at the meeting on February 24, 2017, which Plaintiff vehemently denied, and denies.

35.     On or about March 13, 2017, Plaintiff received a letter in his school mailbox from Mihalko, dated March 8, 2017, as a confirmation of a verbal warning accusing Plaintiff of threatening him on February 24, 2017 and recommended harassment training for Plaintiff.

36.     Mihalko's verbal warning letter to Plaintiff was forwarded to numerous Central Office administration, which included Mihalko's supervisors.

37.     Plaintiff responded with an email to Mihalko and all who were copied in Mihalko's letter to Plaintiff on March 17, 2017.

38.     For all pertinent times herein, Defendant Board was kept apprised of the action of Mihalko via emails from and to Plaintiff and Mihalko and Human Resources for the Board.

39.     On or about April 25, 2017, Plaintiff filed an amended CHRO complaint.

5

40.     On or about April 21, 2017, Plaintiff stopped one student from assaulting another in the gymnasium by taking hold of the students arm as the student swung to punch.

41.     Upon Plaintiff noticing he was on video camera, and of the understanding his work environment was hostile under Mihalko, Plaintiff immediately released the student.

42.     Plaintiff attempted to thwart the aggressive student without using any physical intervention, which resulted in Plaintiff injuring his knee and being placed on Workman's Comp. for approximately the last 7 weeks of the 2016-2017 school year.

43.     Plaintiff for some time prior to 2017 worked as a part time stage hand for concerts, but because of his knee injury he was unable to, resulting in a pecuniary loss.

44.     At a CHRO fact-finding conference held on February 2, 2018, witnesses for the Respondent (HBOE) gave a number of false statements and manipulated the facts which lead to Plaintiff's CHRO complaint.

45.     Between the dates of Plaintiff's filings with the CHRO and the CHRO fact-finding conference on or about February 2, 2018, individual(s) form the Hartford Board of Education have engaged in tampering with Plaintiff's evaluation for the 2016-2017 school year in order to cover-up the hostile treatment of Plaintiff.

46.     Defendants' actions caused Plaintiff to fear retaliation to the point where he was injured

47.     Defendants' actions towards Plaintiff, as stated herein, had the effect of creating a hostile work environment in violation the CFEPA, in that:

     a.     Mihalko demeaned and threatened Plaintiff without justification stemming from his antagonism towards Plaintiff's disability,

     b.     Mihalko's action were unwelcomed by Plaintiff and were not caused by Plaintiff's actions,

     c.     Mihalko's actions were pervasive and ridiculing to the extent it materially altered Plaintiff's condition of employment, and

     d.     Plaintiff believed the workplace to be hostile.

48.     As a result of Defendants' actions, to wit, threatening and demeaning Plaintiff, accusing Plaintiff of threatening Mihalko, causing Plaintiff to fear retaliation at work and eliminating Plaintiff's job without justification, Plaintiff has suffered from severe mental and emotional stress, that has lead to a number of physiological issues, to wit, sleeplessness, post traumatic stress disorder, severe anxiety and has resulted in a loss of benefits and income to Plaintiff all resulting from lost time at work and his physical injury sustained at work.

## COUNT TWO – DISPARATE TREATMENT CFEPA, C.G.S § 46a-60, et seq. AS TO THE BOARD AND CITY

1-46.     Paragraphs 1 through 46 of Count One of this Complaint are hereby incorporated by reference, as if fully set forth herein, and made paragraphs 1 through 46 of Count Two.

47.     Defendants' conduct and actions against the Plaintiff constitutes disparate treatment of Plaintiff, in violation of CFEPA.

**COUNT THREE – DISCRIMINATORY PRACTICE – AMERICANS WITH DISABILITIES ACT AMENDMENT ACT, 42 U.S.C. § 12101, et seq. AS TO THE BOARD AND CITY**

1-46.   Paragraphs 1 through 46 of Count One of this Complaint are hereby incorporated by reference, as if fully set forth herein, and made paragraphs 1 through 46 of Count Three.

47.   Defendants' actions and conduct towards Plaintiff in general, and specifically to remove his earphones, despite medical recommendations to the contrary, constitutes discrimination pursuant to ADAAA.

**COUNT FOUR - HOSTILE WORK ENVIRONMENT – ADAAA 42 U.S.C. § 12101, et seq. AS TO THE BOARD AND CITY**

1-46.   Paragraphs 1 through 39 of Count One of this Complaint are hereby incorporated by reference, as if fully set forth herein, and made paragraphs 1 through 46 of Count Four.

47.   Defendants' conduct and actions against Plaintiff, as stated herein, created a hostile work environment in violation of ADAAA.

**COUNT FIVE - RETALIATION – CFEPA, C.G.S § 46a-60, et seq. AS TO MIHALKO**

8

1-46.   Paragraphs 1 through 46 of Count One of this Complaint are hereby incorporated by reference, as if fully set forth herein, and made paragraphs 1 through 46 of Count Seven.

47.   Defendants' actions constitute a negligent infliction of emotional distress, in that,

a.   Defendants knew or should have known that Mihalko's actions and conduct had an unreasonable risk of causing emotional distress to Plaintiff,

b.   Defendants' conduct was willful, wanton and malicious.

## COUNT NINE – SLANDER AND LIBEL AS TO DEFENDANT MIHALKO

1-46.   Paragraphs 1 through 46 of Count One of this Complaint are hereby incorporated by reference, as if fully set forth herein, and made paragraphs 1 through 46 of Count Eight.

47.   Mihalko's claims that Plaintiff threatened Mihalko, which Mihalko stated before third parties, constitute slander, in that said statements were false and known to be false by Mihalko.

48.   Mihalko's claims that Plaintiff threatened Mihalko, which Mihalko wrote to third parties, constitute libel, in that said statements were false and known to be false by Mihalko.

## COUNT TEN – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO DEFENDANT BOARD AND CITY

1-46.   Paragraphs 1 through 46 of Count One of this Complaint are hereby incorporated by reference, as if fully set forth herein, and made paragraphs 1 through 46 of Count Nine.

47.     Defendants' actions constitute an intentional infliction of emotional distress, in that,

a.     Defendants knew or should have known that Mihalko's actions and conduct had an unreasonable risk of causing emotional distress to Plaintiff,

b.     Defendants' conduct was willful, wanton and malicious.

## COUNT ELEVEN – DEPRIVATION OF RIGHTS – 42 U.S.C. §1983 AS TO THE BOARD AND CITY

1-46.   Paragraphs 1 through 46 of Count One of this Complaint are hereby incorporated by reference, as if fully set forth herein, and made paragraphs 1 through 46 of Count Six.

47.     Defendants' conduct and actions against the Plaintiff constitute retaliation in violation of 42 U.S.C. §1983.

RETURN DATE:    JANUARY 7, 2019          :          SUPERIOR COURT

JOHN GRANDE                              :          J.D. OF HARTFORD

V.                                       :          AT HARTFORD

HARTFORD BOARD OF EDUCATION              :          JANUARY 7, 2019

<u>AMOUNT IN DEMAND</u>

The amount, legal interest or property in demand is in excess of FIFTEEN THOUSAND

($15,000.00) DOLLARS, exclusive of interest and costs.

Respectfully submitted,
**PLAINTIFF,**
**JOHN GRANDE**

BY_____
Paul A. Keily
KEILY MIRA LAW
968 Farmington Ave, Ste 208
West Hartford, CT  06107
Tel: (860) 251-9552
Juris No. 433252

13

